UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-372-FDW

| JOSEPH J. PARKS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| FNU TREADWAY, North Carolina Public Safety Officer, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on its own motion.

On June 13, 2013, the Clerk of Court docketed Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, and a copy of his prisoner trust account. On June 21, 2013, the Clerk entered an Order waiving the payment of the initial filing fee and mailed an Order to the Albemarle Correctional Institution directing the prison to remit monthly payments from Plaintiff's prisoner trust account to the Clerk's office. (Doc. No. 4).

On July 9, 2013, the Clerk's Order was returned as undeliverable from the Albemarle Correctional Institution with a notation that Plaintiff had been released from State custody on June 22, 2013. (Doc. No. 5). According to the website of the North Carolina Department of Public Safety, Plaintiff was indeed released on or about June 22, 2013, and he has not provided this Court with any indication as to his current whereabouts or his new mailing address—this despite the passage of over two and a half weeks since his release.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff has the responsibility to keep the Court apprised of a current address. See Carey v. King, 856 F.2d 1439, 1441(9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address

1

constitutes a failure to prosecute. See Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180 (Fed. Cir. 1990) (order affirming dismissal of case where party repeatedly ignored court-imposed deadlines and rules); Reider v.Gannon University, 481 F. App'x 707, 708 (3rd Cir. filed May 9, 2012) (unpublished opinion upholding *sua sponte* dismissal under Rule 41(b) in a pro se action) (citing Link v. Wabash Railraod Co., 370 U.S. 626, 630 (1962) (failure to prosecute case or comply with a court order authorizes dismissal).

In the present case, an Order was entered by the Clerk requiring Plaintiff to make partial payments toward the costs of the filing fee and service in this matter. That Order was returned as undeliverable and there is no evidence Plaintiff has paid any funds to the Clerk. The Court finds that Plaintiff's failure to comply with the Clerk's Order to make prepayments on the costs of this civil litigation and his failure to apprise the Court of his current whereabouts or mailing address supports a summary dismissal of his case.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to prosecute. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: July 9, 2013

Frank D. Whitney
Chief United States District Judge